# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
November 4, 2015 Session

## STATE OF TENNESSEE v. WILLIE DUNCAN

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Shelby County**
**No. 1202348      W. Mark Ward, Judge**

_____

**No. W2013-02554-SC-R11-CD – Filed October 14, 2016**

_____

In this appeal, we consider the sufficiency of an indictment. The five-count indictment charged the defendant with several felonies and also with employing a firearm during the commission of a dangerous felony. The count for the firearm charge recited the statute listing the offenses that can constitute a "dangerous felony" but did not designate one of the accompanying charges as the predicate dangerous felony. After a trial, a jury found the defendant guilty on all five counts. On appeal, the defendant argues that the indictment for the firearm charge must be dismissed because, by not designating the predicate felony for the firearm charge, it violated his constitutional right to be informed of the nature and cause of the accusation against him. We hold that, considering the entire five-count indictment, the count of the indictment charging the defendant with employing a firearm during the commission of a dangerous felony sufficiently apprised the defendant of the nature and cause of the accusation against him and enabled him to adequately prepare a defense to the charge, and therefore is sufficient to meet the constitutional requirement. Accordingly, we reverse the decision of the Court of Criminal Appeals on that issue. However, because the trial court erroneously instructed the jury on the charge of employing a firearm during the commission of a dangerous felony, we remand for a new trial on that charge.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Reversed; Case Remanded to the Criminal Court**

HOLLY KIRBY, J., delivered the opinion of the Court, in which JEFFREY S. BIVINS, C.J., and CORNELIA A. CLARK and SHARON G. LEE, JJ., joined.

Herbert H. Slatery III, Attorney General, Andrée Blumstein, Solicitor General; and Jeffrey D. Zentner, Assistant Attorney General, Betsey Wiseman, Assistant District Attorney General, Meghan Fowler, Assistant District Attorney General, for the appellant, State of Tennessee.

Lance R. Chism, Memphis, Tennessee (on appeal), and Arthur Horne and Kendra Tidwell, Memphis, Tennessee (at trial), for the appellee, Willie Duncan.

## OPINION
### FACTS AND PROCEEDINGS BELOW

In May 2012, the Shelby County grand jury returned a five-count indictment against Defendant/Appellee Willie Duncan and co-defendants Jamar Cobbins and Calvion Morrison. All three were charged with especially aggravated kidnapping,[1] especially aggravated robbery,[2] aggravated robbery,[3] aggravated burglary,[4] and employing a firearm during the commission of a dangerous felony.[5] The defendant's five-count indictment contained each offense on a separate page; the indictment for employing a firearm during the commission of a dangerous felony did not list a specific predicate felony.

Because the issues raised in this appeal involve only the indictment, we dispense with a detailed recitation of the evidence presented at trial and outline only the proof necessary for our analysis of the issues presented.[6] In the August 2013 trial, the jury heard proof that the defendant and his co-defendants met the victims outside of the victims' hotel room for the stated purpose of buying marijuana from them and that they

---

[1] Tenn. Code Ann. § 39-13-305 (2014).

[2] Tenn. Code Ann. § 39-13-403 (2014).

[3] Tenn. Code Ann. § 39-13-402 (2014).

[4] Tenn. Code Ann. § 39-14-403 (2014).

[5] Tenn. Code Ann. § 39-17-1324 (2014).

[6] The Court of Criminal Appeals' opinion includes a full recitation of the proof at trial. See State v. Duncan, No. W2013-02554-CCA-R3-CD, 2014 WL 4243746, at *1-5 (Tenn. Crim. App. Aug. 27, 2014), perm. app. granted (Tenn. Feb. 13, 2015).

then demanded money and drugs from the victims while holding them at gunpoint. The proof showed that, in the course of the robbery, the defendant shot one of the victims in the stomach before absconding with the victims' money and drugs. The defendant gave a statement claiming that, when one of the victims threw his money on the floor, the defendant put down his gun to pick up the money and the victim charged him. The defendant claimed that in the ensuing scuffle, he picked up his gun and it went off and struck the victim.

At the conclusion of the proof, the trial court instructed the jury that it could convict the defendant on the firearms charge if it unanimously agreed that either the especially aggravated kidnapping charge or the aggravated burglary charge constituted the predicate felony. The jury returned a verdict finding the defendant guilty of each count as charged: especially aggravated kidnapping, especially aggravated robbery, aggravated robbery, aggravated burglary, and employing a firearm during the commission of a dangerous felony.

In September 2013, the trial court held a sentencing hearing. The trial court sentenced the defendant to twenty-three years for especially aggravated kidnapping, twenty-three years for especially aggravated robbery, ten years for aggravated robbery, five years for aggravated burglary, and six years for employing a firearm during the commission of a dangerous felony. The trial court ordered the sentences for especially aggravated kidnapping and especially aggravated robbery to run concurrent with each other but consecutive to the sentences for aggravated robbery and aggravated burglary, which would also run concurrent with each other. By statute, the sentence for employing a firearm during the commission of a dangerous felony was required to be served consecutively to the sentence for the underlying felony. See Tenn. Code Ann. § 39-17-1324(e)(1). This amounted to a total effective sentence of thirty-nine years.

The defendant filed a motion for a new trial, which was denied. The defendant then filed a notice of appeal.

On appeal, the defendant argued *inter alia* that the indictment for the charge of employing a firearm during the commission of a dangerous felony was defective for failing to name the underlying felony. For this reason, he contended, the indictment did not comport with statutory and constitutional notice requirements.

The Court of Criminal Appeals noted initially that the defendant did not argue to the trial court that the indictment on the firearms charge was fatally flawed for failing to name the predicate dangerous felony. The court nevertheless considered the argument because it found the issue was jurisdictional and, if meritorious, would result in dismissal

of the indictment. State v. Duncan, W2013-02554-CCA-R3-CD, 2014 WL 4243746, at *5 (Tenn. Crim. App. Aug. 27, 2014), perm. app. granted (TennFeb. 13, 2015).

The Court of Criminal Appeals observed that the intermediate appellate court had been faced with this issue in previous cases, with varying results depending in part on whether the indictment contained more than one charge that could serve as the predicate dangerous felony for the firearms charge. Id. at *7. The court found that the indictment on the firearm charge did not adequately inform the defendant whether the aggravated burglary charge or the especially aggravated kidnapping charge was meant to serve as the predicate dangerous felony. On this basis, the court held that the indictment on the firearm charge did not meet constitutional requirements, so it reversed the conviction and dismissed the charge of employing a firearm during the commission of a dangerous felony. Id. at *9. The Court of Criminal Appeals affirmed the other convictions and sentences.[7]

Both parties sought permission to appeal to this Court. We granted the State's application.

### ISSUES ON APPEAL

On appeal, the State raises the following issues:

(1) Does notice indictment pleading require the State to specify a predicate felony in an indictment count charging a violation of Tennessee Code Annotated section 39-17-1324—possession or employment of a firearm during commission of a dangerous felony?

(2) Is not specifying a predicate felony in an indictment count charging a violation of Tennessee Code Annotated section 39-17-1324 materially different from several other situations where the State need not provide a defendant with specific indictment notice of something?

(3) May especially aggravated kidnapping with a deadly weapon, so charged, serve as a predicate felony for possession or employment of a firearm during commission of a dangerous felony?

---

[7] As to the charge of aggravated robbery, due to a clerical error, the Court of Criminal Appeals remanded for entry of a corrected judgment form. Duncan, 2014 WL 4243746, at *19.

ANALYSIS

We consider first whether the State must specify the predicate felony in an indictment count charging employment of a firearm during the commission of a dangerous felony in violation of Tennessee Code Annotated section 39-17-1324(b). A brief review of the pertinent constitutional and statutory provisions is helpful.

Under both the United States Constitution and the Tennessee Constitution, an accused has the right to be informed of the nature and cause of the accusation against him. The Sixth Amendment to the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation." U.S. Const. amend. VI. Similarly, the Tennessee Constitution provides: "That in all criminal prosecutions, the accused hath the right . . . to demand the nature and cause of the accusation against him . . . ." Tenn. Const. art. I, § 9. Since 1858, the form of the indictment has been governed by the statute now codified at Tennessee Code Annotated section 40-13-202, which states: "The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in a manner so as to enable a person of common understanding to know what is intended and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment." Tenn. Code Ann. § 40-13-202 (2014); see also Wyatt v. State, 24 S.W.3d 319, 324 (Tenn. 2000).

At common law, the pleading requirements for indictments were exacting because the elements of criminal offenses could not be ascertained by referring to a statute. State v. Hammonds, 30 S.W.3d 294, 298-99 (Tenn. 2000) (citing State v. Hill, 954 S.W.2d 725, 728 (Tenn. 1997)). As common law offenses were replaced by statutory provisions defining criminal offenses, the rationale for these rigorous pleading requirements fell away. For example, though early cases held that each count of an indictment must be "a complete indictment within itself, charging all the facts and circumstances that make the crime," State v. Lea, 41 Tenn. 175, 177-78 (1860), this Court later held that even if a single count would not support an indictment, multiple counts of the indictment could be read together to meet constitutional requirements. See, e.g., State v. Youngblood, 287 S.W.2d 89, 91 (Tenn. 1956).

In State v. Hill, the Tennessee Supreme Court considered indictment pleading requirements in light of the passage of the Sentencing Reform Act of 1989, which expressly abolished common law offenses altogether and statutorily specified the conduct necessary to support a criminal prosecution in Tennessee. 954 S.W.2d at 728. At the outset, the Hill Court recognized that it had long been held that indictments need not conform to traditionally strict pleading requirements. Id. at 727. With the abolition of common law offenses, those strict pleading requirements for indictments were rendered

obsolete. The Court explained, "[W]e now 'approach attacks upon indictments, especially of this kind, from the broad and enlightened standpoint of common sense and right reason rather than from the narrow standpoint of petty preciosity, pettifogging, technicality or hair splitting fault finding.'" Id. at 728 (quoting United States v. Purvis, 580 F.2d 853, 857 (5th Cir. 1978)).

In light of this more sensible approach, the Court in Hill held that an indictment will be deemed valid if it provides sufficient information "(1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy."[8] Id. (citing State v. Byrd, 820 S.W.2d 739, 741 (Tenn. 1991); VanArsdall v. State, 919 S.W.2d 626, 630 (Tenn. Crim. App. 1995); State v. Smith, 612 S.W.2d 493, 497 (Tenn. Crim. App. 1980)). It described adequate notice to the accused as the "touchstone for constitutionality." Id. at 729.

Since Hill, this Court has continued to eschew strict pleading requirements for indictments. In State v. Hammonds, the Court listed several decisions to "illustrate[] this Court's relaxation of common law pleading requirements and its reluctance to elevate form over substance when evaluating the sufficiency of indictments." 30 S.W.3d 294, 300 (Tenn. 2000) (citing, among other cases, Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000) (finding indictment sufficient even though charge couched in language of recently repealed statute); State v. Sledge, 15 S.W.3d 93, 94 (Tenn. 2000) (finding indictment sufficient because it referenced statute); State v. Carter, 988 S.W.2d 145, 148 (Tenn. 1999) (finding reference to appropriate statute sufficient in felony murder indictments)). In Hammonds, the Court also noted that "an indictment need not allege the specific theory or means by which the State intends to prove each element of an offense to achieve the overriding purpose of notice to the accused." Hammonds, 30 S.W.3d at 300 (citing Wyatt, 24 S.W.3d at 319).

Against that backdrop, we consider the statute setting forth the offense at issue here. Count 5 of the indictment charges a violation of Tennessee Code Annotated section 39-17-1324(b), which makes it a criminal offense to "employ a firearm during the . . . [c]ommission of a dangerous felony." Tenn. Code Ann. § 39-17-1324(b)(1). The statute also makes it an offense to employ a firearm during an attempt to commit a dangerous felony, during flight or escape from the commission of a dangerous felony, or during

---

[8] Similarly, the United States Supreme Court has stated that, under the Sixth Amendment, two of the criteria by which the sufficiency of an indictment must be measured are: (1) whether the indictment "contains the elements of the offense intended to be charged," and "sufficiently apprises the defendant of what he must be prepared to meet," and (2) "in case any other proceedings are taken against him for a similar offense whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." Russell v. United States, 369 U.S. 749, 763-64 (1962) (internal citations omitted).

flight or escape from the attempt to commit a dangerous felony. Tenn. Code Ann. § 39-17-1324(b)(2)-(4).

This statute does not expressly provide a *mens rea* element, but as the Court decided in State v. Fayne, under Tennessee Code Annotated section 39-11-301(c), "'intent, knowledge[,] or recklessness suffices to establish the culpable mental state'" for the offense. 451 S.W.3d 362, 369-70 (Tenn. 2014) (alteration in original). Thus, the offense is comprised of three elements: "(1) that the defendant employed a firearm; (2) that the employment was during the commission or attempted commission of a dangerous felony, or during the flight or escape from the commission or attempted commission of a dangerous felony; and (3) that the defendant acted intentionally, knowingly, or recklessly." Id. at 369-70.

The statute defines the term "dangerous felony" as encompassing numerous crimes, including two that were included in the defendant's indictment—aggravated burglary and especially aggravated kidnapping. Tenn. Code Ann. § 39-17-1324(i)(1)(E), (H). However, if possession or employment of a firearm is an essential element of the underlying dangerous felony, then the defendant may not also be charged with a violation of Section 39-17-1324. Id. § 39-17-1324(c).

Section 39-17-1324 also directs that a violation of subsection (b) is considered a "specific and separate offense, which shall be pled in a separate count of the indictment or presentment and tried before the same jury and at the same time as the dangerous felony." Id. § 39-17-1324(d) (providing that directions apply to both subsections (a) and (b)). The statute does not state whether the predicate dangerous felony must be named in the separate count of the indictment that alleges the violation of Section 39-17-1324. Duncan, 2014 WL 4243746 at *6, (citations omitted); see also Tenn. Code Ann. § 39-17-1324(d).

We now consider the specific indictment at issue in this case. Count 5 of the indictment alleges that the defendant "on December 7, 2011 in Shelby County, Tennessee, and before the finding of this indictment, did unlawfully and knowingly employ a firearm during the commission of an offense as defined in T.C.A. [§] 39-17-1324(i)(1) [defining "dangerous felony"], in violation of T.C.A. [§] 39-17-1324(b), against the peace [and] dignity of the State of Tennessee." Absent from this count of the indictment is any reference to a specific dangerous felony as the predicate for the alleged violation of Section 39-17-1324. As noted above and in keeping with subsection (d) of Section 39-17-1324, separate counts of the indictment charged the defendant with the potential predicate dangerous felonies, especially aggravated kidnapping and aggravated burglary.

On appeal to the intermediate appellate court, the defendant argued that the indictment for the firearm charge was defective because it failed to designate the predicate dangerous felony. Duncan, 2014 WL 4243746, at *1. The Court of Criminal Appeals agreed and held that, because the indictment for employing a firearm during the commission of a dangerous felony did not specify the predicate felony, the indictment was "missing an essential element and [wa]s, therefore, void for lack of adequate notice." Id. at *9.

As noted by the intermediate appellate court, the Court of Criminal Appeals has rendered a number of decisions touching on this issue, with differing results. Where the defendant was charged with only one other offense that would qualify as a predicate dangerous felony for the firearms charge, the indictment has generally been deemed sufficient. See, e.g., State v. Carlisle, No. W2102-00291-CCA-MR3-CD, 2013 WL 5561480, at *16 (Tenn. Crim. App. Oct. 7, 2013), perm. app. denied (Tenn. March 17, 2014); State v. Medford, E2012-00335-CCA-R3-CD, 2013 WL 2424137, at *19 (Tenn. Crim. App. June 5, 2013); State v. Duckworth, No. M2012-01234-CCA-R3-CD, 2013 WL 1933085, at *21 (Tenn. Crim. App. May 10, 2013), perm. app. denied (Tenn. Oct. 17, 2013). On the other hand, where the defendant was charged with two or more offenses that would qualify as a predicate dangerous felony for the firearm charge, the intermediate appellate court has held that the indictment did not give the defendant adequate notice of the charge against him and was void. See, e.g., State v. Brewer, Nos. W2012-02281-CCA-R3-CD, W2012-02282-CCA-R3-CD, 2014 WL 1669807, at *26 (Tenn. Crim. App. Apr. 24, 2014), perm. app. denied (Tenn. Sept. 18, 2014).

The State urges us to hold that this case falls into the former category. Although the indictment against the defendant included two offenses that could serve as predicate dangerous felonies for a violation of Section 39-1-1324, namely aggravated burglary and especially aggravated kidnapping, the State concedes that the charge of especially aggravated kidnapping by use of a deadly weapon cannot serve as a predicate felony in this case because subsection (c) of Section 39-17-1324 prohibits a conviction for possession or employment of a firearm in conjunction with especially aggravated kidnapping with a deadly weapon where the deadly weapon is a firearm. The State contends that it would have been clear to the defendant from reading the indictment as a whole that the State intended to present proof that the deadly weapon used by the defendant was a firearm. In light of all of these facts, the State contends the defendant was on notice that the aggravated burglary charge was the only viable predicate felony for the firearms charge.

The State made this same argument to the Court of Criminal Appeals below, to no avail. Duncan, 2014 WL 4243746, at *8. The Court of Criminal Appeals noted that the especially aggravated kidnapping count in the indictment does not mention a firearm as

the deadly weapon used by the defendant.  Id.  "At the time of the indictment," the Court noted, "there are no facts in evidence from which to determine whether the 'deadly weapon' in the especially aggravated kidnapping charge is a firearm."  Id.  Under these circumstances, it held, "we cannot look to the evidence that is later introduced at trial to determine which felonies may be disqualified under section [39-17-]1324(c)."  Id. at *9. We agree and likewise reject the State's argument.  Therefore, we go on to consider the constitutionality of the indictment at the time of the indictment, without regard to the proof that was later introduced at trial.

The defendant contends that the reference in Count 5 of the indictment to the statute defining "dangerous felony" did not tell him which dangerous felony the State would be relying upon at trialand therefore failed to provide him adequate notice of the charge against him.  In this way, he maintains, the indictment for the firearms charge failed to meet the constitutional and statutory notice requirements and omitted an essential element of the charged offense.  The defendant urges this Court to adopt the reasoning of the Court of Criminal Appeals decisions that have deemed indictments invalid where the firearm charge failed to designate a predicate dangerous felony and was accompanied by charges on multiple potential predicate felonies.  See id. at *9.

The State insists that a defendant facing a charge of employment of a firearm during the commission of a dangerous felony has adequate notice to be able to prepare a defense when he is charged with multiple felonies, any of which could serve as the predicate felony for the firearm charge.  The State concedes that the defendant may not know exactly which of the predicate offenses will eventually be submitted to the jury as the underlying offense for the firearm charge but that he still has notice of all of the potential predicate offenses and can prepare his defense for the possibility of any of them. The State observes that, if the defendant desires further information in advance of trial, he can file a motion for a bill of particulars.  The State points out that current law allows for numerous instances in which a defendant might be required to prepare multiple defenses and argues that this situation is no different.

As noted by both parties, on multiple occasions, the Court of Criminal Appeals has held that  designation of the predicate felony is required in order to afford the defendant adequate notice of the charge against him:

> Generally, an indictment for a violation of Code section 39-17-1324 that does not name the underlying dangerous felony does not provide the defendant with adequate notice of the crime charged.  This is so even when the indictment, as does the one in this case, tracks the statutory language of Code section 39-17-1324 and names the statute itself.  These statutory references are insufficient because Code section 39-17-1324 provides 11

- 9 -

options for dangerous felonies that would support conviction. The failure of the indictment to name the underlying dangerous felony leaves the defendant with inadequate notice of the charges against him.

State v. Duckworth, No. M2012-01234-CCA-R3-CD, 2013 WL 1933085, at *21 (Tenn. Crim. App. May 10, 2013). As noted above, where the indictment included only one dangerous felony that could serve as the predicate for the firearm charge, the court has generally concluded that this "save[d]" the indictment from being deemed void for lack of notice to the accused. See, e.g., id. However, in cases where the indictment for violation of Section 39-17-1324(b) included multiple potential predicate felonies and the firearm charge did not designate one of them as the predicate, the intermediate appellate court has generally held that the firearms charge did not provide the defendant with adequate notice of the charge against him. See, e.g., State v. Ayers, No. W2014-00781-CCA-R3-CD, 2015 WL 4366633, at *14 (Tenn. Crim. App. July 16, 2015); Duncan, 2014 WL 4243746, at *6-9; Brewer, 2014 WL 1669807, at *30; State v. Alston, No. E2012-00431-CCA-R3-CD, 2013 WL 2382589, at *14 (Tenn. Crim. App. May 30, 2013), perm. app. granted, cause remanded (Tenn. Jan. 17, 2014).

First we consider the defendant's contention that the indictment for the firearm charge is missing an "essential element" because the designation of the specific predicate dangerous felony is an element of the offense of employing a firearm in the commission of a dangerous felony. As noted above, "an indictment which references the statute defining the offense is sufficient and satisfies the constitutional and statutory requirements" for a charging instrument. Hammonds, 30 S.W.3d at 300 (citing State v. Sledge, 15 S.W.3d 93, 94 (Tenn. 2000)). Here, after specifying the date of the offense and the county in which it occurred, Count 5 of the indictment states that the defendant violated Section 39-17-1324(b) by "unlawfully and knowingly employ[ing] a firearm during the commission of an offense as defined in T.C.A. [§] 39-17-1324(i)(1)," the statutory section that defines "dangerous felony." The counts for the two possible predicate felonies are contained in the same five-count indictment as the firearm charge and, as required under Section 39-17-1324(d), the firearm charge is "pled in a separate count of the indictment." Under this Court's decision in State v. Fayne, the *mens rea* element for a violation of Section 39-17-1324(b) includes intent, knowledge, or recklessness "via [Tennessee Code Annotated] section 39-11-301(c)." Fayne, 451 S.W.3d at 370; see also State v. Briggs, No. W2014-01214-CCA-R3-CD, 2015 WL 5813664, at *4 (Tenn. Crim. App. Oct. 6, 2015) (citing Fayne, 451 S.W.3d at 370).

Thus, the indictment contains all three of the essential elements of the firearm offense, namely, "(1) that the defendant employed a firearm; (2) that the employment was during the commission or attempted commission of a dangerous felony, or during the flight or escape from the commission or attempted commission of a dangerous felony;

- 10 -

and (3) that the defendant acted intentionally, knowingly, or recklessly." Fayne, 451 S.W.3d at 369-70. The element that the employment occurred during the commission of a dangerous felony is not *missing* from Count 5 of the indictment; Count 5 simply does not specify which of the accompanying predicate dangerous felonies the State will rely upon at trial. Therefore, Count 5 contains all of the elements necessary for conviction of employment of a firearm during the commission of a dangerous felony.[9]

Having found that the indictment contains all elements of the offense, we now consider the question of notice to the defendant. The gist of the defendant's contention in this case is that the indictment on the firearm offense was defective because it did not specify which of the dangerous felonies the State intended to be the predicate for the firearm charge. We frame this issue as whether the indictment on the firearm charge must designate the predicate dangerous felony in order to comport with the constitutional right of an accused to be informed of the nature and cause of the accusation against him.[10]

---

[9] In State v. Hill, this Court included in a footnote the following comment: "Any confusion may be due, at least in part, to the loose usage of the phrase 'essential elements,' which can mean the elements necessary for conviction *or the elements necessary to inform the accused of the charge*." Hill, 954 S.W.2d at 728 n.4 (emphasis added); see State v. Powell, No. E2011-00155-CCA-R3-CD, 2012 WL 1655279, at *13 (Tenn. Crim. App. May 10, 2012) (quoting Hill, 954 S.W.2d at 728-29 n.4). Unfortunately, this statement may itself cause confusion. The fact that the constitution requires adequate notice of the charge does not transform notice into an "essential element" of the offense. The real question is whether the constitutional notice requirement is met. Characterizing the notice issue as whether the indictment was missing an "essential element" is unhelpful, since any analysis simply leads back to the question of whether the defendant was deprived of the notice to which he was constitutionally entitled.

[10] Tennessee cases addressing whether an indictment affords a defendant adequate notice have referred to the issue as jurisdictional, implicating the subject matter jurisdiction of the trial court to adjudicate the charge. If the matter is considered jurisdictional and it is determined that the indictment does not give proper notice to the defendant, then the indictment must be dismissed. See, e.g., Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998) (holding that an defective indictment may deprive court of jurisdiction); Duckworth, 2013 WL 1933085, at *19 ("[T]he remedy, should this court find the defendant's claim meritorious, would be a dismissal of the indictment rather than a remand for a new trial . . . ."); Ayers, 2015 WL 4366633, at *15; Duncan, 2014 WL 4243746, at *5; Brewer, 2014 WL 1669807, at *26; Alston, 2013 WL 2382589, at *12, 14; see also Tenn. R. Crim P. 12(b)(2)(B) (providing that a motion alleging a defect in the indictment must be raised before trial, "but at any time while the case is pending, the court may hear a claim that the indictment, presentment or information fails to show jurisdiction in the court or to charge an offense."). We note, however, that in 2002, the United States Supreme Court rejected the longstanding view that indictment defects are jurisdictional and held that a defective indictment does not deprive a court of jurisdiction. U.S. v. Cotton, 535 U.S. 625, 629-31 (2002). Consequently, a defendant must timely object to an indictment defect or the issue is waived. "The real threat . . . to the 'fairness, integrity, and public reputation of judicial proceedings,'" the Court in Cotton commented, "would be if [the defendant], despite the overwhelming and uncontroverted evidence

- 11 -

It has long been settled that, to determine whether a single count in an indictment provides adequate notice to the defendant, the court may read that count together with other counts in the indictment. "[I]f it is reasonably clear from the averments . . . that [they are] connected with and a part of the preceding count . . . such a count may be considered good." State v. Youngblood, 287 S.W.2d 89, 91 (Tenn. 1956); see also State v. Pierce, No. M-2014-00120-CCA-R3-CD, 2015 WL 2102003, at *15 (Tenn. Crim. App. May 5, 2015), perm. app. denied (Aug. 13, 2015); Duckworth, 2013 WL 1933085, at *21. Here, it is "reasonably clear" that the charge of employing a firearm during the commission of a dangerous felony is connected to the counts of aggravated burglary and especially aggravated kidnapping, all contained in the same five-count indictment, so that we can read them together for purposes of evaluating notice to the defendant.

The defendant argues that Count 5 nevertheless failed to provide adequate notice because it did not tell him which of the two possible predicate felonies the State would be relying upon at trial. An omission in an indictment "is not a defect so long as the indictment performs its essential constitutional and statutory purposes." Dykes, 978 S.W.2d at 529 (citing Hill, 954 S.W.2d at 729). As noted by the Court of Criminal Appeals, this Court has held that "an indictment need not allege the specific theory or means by which the State intends to prove each element of an offense to achieve the overriding purpose of notice to the accused." Hammonds, 30 S.W.3d at 300-01 (discussing Wyatt, 24 S.W.3d at 324-25); see also State v. Powell, No. E2011-00155-CCA-R3-CD, 2012 WL 1655279, at *13 (Tenn. Crim. App. May 10, 2012) (citing Hammonds, 30 S.W.3d at 300). In Hammonds, the Court emphasized that "alternative means or theories of establishing a single element of an offense need not be included in an indictment." Id. at 301 (citing State v. Lemacks, 996 S.W.2d 166 (Tenn. 1999)). Hammonds cited "many" cases with a variety of circumstances illustrating this

that [he had been] involved in a vast drug conspiracy, were to receive a sentence prescribed for those committing less substantial drug offenses because of an error that was never objected to at trial." Id. at 634.

Since then, "[s]ome states continue to describe an indictment that fails to allege 'each and every element of the offense' as importing a 'jurisdictional defect' that renders 'void ab initio' any subsequent conviction, notwithstanding the adequacy of the evidence produced at trial. Most, however, have apparently abandoned that view. Indeed, in recent years, a growing list of states has flatly rejected earlier rulings characterizing the failure to allege all material elements as a jurisdictional defect." Wayne LaFave, et al., 5 Crim. Proc. § 19.2(e) (4th ed. 2015) (footnotes collecting cases omitted); see e.g., Seymour v. State, 946 So.2d 536, 538 (Ala. 2006) (collecting state decisions rejecting the "jurisdictional" characterization). However, this issue was neither raised nor argued in this appeal, so we leave it for another day.

- 12 -

principle.[11]  Id. at 301 n.6 (gathering cases).  It can be said, then, that the State could establish the second element of the firearm offense, "that the employment was during the commission or attempted commission of a dangerous felony," Fayne, 451 S.W.3d at 369, by "alternative means," that is, by proving either of the two possible predicate dangerous felonies.  Hammonds, 30 S.W.3d at 301.

The purpose of the constitutional right to be informed of the nature and cause of the accusation is to "sufficiently apprise[] the defendant of what he must be prepared to meet."  Russell v. United States, 369 U.S. 749, 763-64 (1962) (citations omitted).  In this way, the criminally accused is afforded an adequate opportunity to prepare any defense before the trial.  See, e.g., Pope v. State, 258 S.W. 775, 775 (Tenn. 1924) (noting that the rule ensures that the defendant "may know whereof he is accused and may prepare his defense"); Daniel v. State, 50 Tenn. 257, 259 (1871) (noting that, if the indictment does not inform the defendant of the nature and cause of the accusation, "'he may be taken by surprise, and be wholly unprepared to make his defense, however just and valid it may be.'"); see also Wilson v. State, No. 03C01-9612-CR-00452, 1997 WL 658991, at *2 (Tenn. Crim. App. Oct. 22, 1997) (citing Pope, 258 S.W. at 775 and Daniel, 50 Tenn. at 257).  Here, under Section 39-17-1324(d), the predicate dangerous felony must be tried in the same trial as the firearm charge, so the defendant will not be surprised at having to make a defense against either of the two possible predicate felonies.  The fact that the indictment does not say which of the two possible predicate felonies will be used to prove the "dangerous felony" element of the firearm offense does not mean that the indictment falls below the minimum required to meet the constitutional mandate of apprising the defendant of the nature and cause of the accusation against him.

Under the circumstances of this case, we hold that Count 5 of the indictment charging the defendant with employing a firearm during the commission of a dangerous felony sufficiently apprised the defendant of the nature and cause of the accusation against him and enabled him to adequately prepare a defense to the charge.[12]  "[T]he touchstone for constitutionality," this Court said in Hill, "is adequate notice to the

---

[11] The State also points out that a defendant may have to prepare multiple defenses if he is indicted for a single offense but the jury is permitted to consider multiple criminal acts of the type that would support a conviction on the charged offense.  See Lemacks, 996 S.W.2d at 170. In addition, a defendant may be faced with alternative theories of guilt for the same criminal act, with ultimate merger of the alternative counts to protect against double jeopardy.  State v. Cattone, 968 S.W.2d 277, 280 (Tenn. 1998).

[12] Under Hill, an indictment is deemed valid if it provides sufficient information "(1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy."  Hill, 954 S.W.2d at 727.  The defendant in this case focuses on the notice issue and does not contend that the indictment on the firearm charges fails to protect him from double jeopardy.

accused." <u>Hill</u>, 954 S.W.2d at 729. "<u>Hill</u> and its progeny leave little doubt that indictments which achieve the overriding purpose of notice to the accused will be considered sufficient to satisfy both constitutional and statutory requirements." <u>Hammonds</u>, 30 S.W.3d at 300. We hold that both the constitutional and the statutory requirements were met in this case.[13] Therefore, we reverse the Court of Criminal Appeals' decision to reverse the conviction and dismiss the indictment for employing a firearm during the commission of a dangerous felony.

We note that the State acknowledges that subsection (c) of Section 39-17-1324 prohibits a conviction for possession or employment of a firearm in conjunction with especially aggravated kidnapping with a deadly weapon where the weapon is a firearm. Consequently, the State concedes that the trial court in this case erroneously instructed the jury that especially aggravated kidnapping with a deadly weapon could serve as a predicate felony for the firearms charge. Therefore, the State seeks remand for a new trial for employment of a firearm during the commission of a dangerous felony. We agree with the State that this was an error in the jury instructions for this charge and remand the case for a new trial on the charge of employment of a firearm during the commission of a dangerous felony.

---

[13] The best practice remains for prosecutors to designate the dangerous felony that is intended to be the predicate for a charge of employing a firearm during the commission of a dangerous felony.

## CONCLUSION

We hold that Count 5 of the indictment, charging the defendant with employing a firearm during the commission of a dangerous felony, sufficiently apprised the defendant of the nature and cause of the accusation against him and enabled him to adequately prepare a defense to the charge. The indictment, therefore, is sufficient to satisfy both constitutional and statutory requirements of providing adequate notice to the accused. Accordingly, we reverse the Court of Criminal Appeals' decision to reverse the conviction and dismiss the indictment for employing a firearm during the commission of a dangerous felony. We agree with the State's concession that the trial court erred by instructing the jury that especially aggravated kidnapping with a deadly weapon could serve as a predicate felony in this case, so we reverse the conviction on employment of a firearm during the commission of a dangerous felony and remand for a new trial on this charge only. We affirm the convictions and sentences on the remaining charges. It appearing that the defendant is indigent, costs on appeal are taxed to the State of Tennessee.

_____
HOLLY KIRBY, JUSTICE