FILED

07/11/2019

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
November 14, 2018 Session

**STATE OF TENNESSEE v. JOHN THOMAS MULLINICKS, JR.**

**Appeal from the Circuit Court for Dickson County**
**No. 22CC-2016-CR-178   Suzanne Lockert-Mash, Judge**

_____

**No. M2018-00233-CCA-R3-CD**

_____

The Appellant, John Thomas Mullinicks, Jr., pled no contest in the Dickson County Circuit Court to four counts of statutory rape by an authority figure and received a total effective sentence of twelve years in the Tennessee Department of Correction.   On appeal, the Appellant contends that the presentment failed to allege all of the essential elements of the charged offense of statutory rape by an authority figure, which renders his convictions void.  Upon review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ALAN E. GLENN, J., joined.

Michael J. Flanagan (on appeal) and Jennifer Thompson (at trial), Nashville, Tennessee, for the Appellant, John Thomas Mullinicks, Jr.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; W. Ray Crouch, Jr., District Attorney General; and Carey J. Thompson, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**I. Factual Background**

A Dickson County Grand Jury returned a multi-count presentment charging the Appellant with statutory rape by an authority figure in counts one through four, rape in counts five through eight, and solicitation of a minor in count nine.  On November 8,

2017, the Appellant entered a no-contest plea to counts one through four in exchange for the dismissal of the remaining counts.

The State maintained that if the case had gone to trial, the proof would have shown that the victim, A. L. K.,[1]

> was a basketball player on the girls basketball team at Creekwood High School. [The Appellant] was the head coach of the girls basketball team and then on these four occasions or at least four occasions she was called down to his office under the guise of being rehabbed for [a] hip injury that she had suffered earlier in the year; and that during those so-called rehab sessions [the Appellant] digitally penetrated her.

The plea agreement provided that the Appellant would be sentenced as a Range I offender, that the offenses were Class C felonies, and that the sentence range was between three and six years. The plea agreement further provided that the trial court would determine the Appellant's sentences. After a sentencing hearing, the trial court imposed a sentence of four years for each offense. The trial court ordered that counts one, two, and three be served consecutively to each other and that count four be served concurrently with count one for a total effective sentence of twelve years.

On appeal, the Appellant contends that the presentment failed to allege all of the essential elements of the charged offense of statutory rape by an authority figure, which renders his convictions void.

## II. Analysis

Generally, "a motion alleging a defect in the indictment, presentment, or information," including challenges to the constitutionality of an underlying criminal statute, must be raised prior to trial. Tenn. R. Crim. P. 12(b)(2)(B). However, "[a] valid indictment is an essential jurisdictional element, without which there can be no prosecution." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998). Accordingly, "at any time while the case is pending, the court may hear a claim that the indictment, presentment, or information fails to show jurisdiction in the court or to charge an offense." Tenn. R. Crim. P. 12(b)(2)(B).

The Sixth and Fourteenth Amendments to the United States Constitution and article I, section 9 of the Tennessee Constitution afford an accused the right to be

---

[1] It is the policy of this court to refer to minor victims of sexual offenses by their initials.

informed of the nature and cause of the accusation against him or her. See State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997). Generally, a charging instrument is valid if the information contained therein "provides sufficient information (1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." Id. With the decline of common law offenses and the advent of statutory offenses, strict pleading requirements are no longer necessary. Id. at 727-28. "Hill and its progeny leave little doubt that [charging instruments] which achieve the overriding purpose of notice to the accused will be considered sufficient to satisfy both constitutional and statutory requirements." State v. Hammonds, 30 S.W.3d 294, 300 (Tenn. 2000). Moreover, "specific reference to a statute within [a charging instrument] may be sufficient to place the accused on notice of the charged offense." State v. Sledge, 15 S.W.3d 93, 95 (Tenn. 2000); see also State v. Carter, 988 S.W.2d 145, 149 (Tenn. 1999). The validity of an indictment is a question of law and, therefore, our review is de novo. Hill, 954 S.W.2d at 727.

At the time of the offenses, Tennessee Code Annotated section 39-13-532(a) provided:

> Statutory rape by an authority figure is the unlawful sexual penetration of a victim by the defendant or of the defendant by the victim when:
> (1) The victim is at least thirteen (13) but less than eighteen (18) years of age;
> (2) The defendant is at least four (4) years older than the victim; and
> (3) The defendant was, at the time of the offense, in a position of trust, or had supervisory or disciplinary power over the victim by virtue of the defendant's legal, professional, or occupational status and used the position of trust or power to accomplish the sexual penetration . . . .

In the instant case, the presentment in counts one through four charged the Appellant with statutory rape as follows:

> That [the Appellant] heretofore, to-wit: between October 1, 2015, and February 26, 2016, and prior to the finding of this Presentment, . . . did unlawfully and feloniously sexually penetrate A. L. K., and A. L. K., at the time of the offense was thirteen (13) years of age or older but less than eighteen (18) years of age; and [the Appellant], at the time of the offense, was in a position of trust, or had supervisory or

disciplinary power over the victim by virtue of the [Appellant's] legal, professional, or occupational status and used the position of trust or power to accomplish the sexual penetration, in violation of T.C.A. 39-13-532, a Class C Felony, all of which is against the peace and dignity of the State of Tennessee.[2]

The Appellant contends that the presentment failed to allege that the Appellant was "at least four (4) years older than the victim," which is an essential element of the offense; therefore, his convictions are void. The State concedes that the presentment omitted an element of the offense of statutory rape by an authority figure. Nevertheless, the State asserts that the presentment provided the name of the victim, the time of the offense, and cited the proper statute of the offense. We agree with the State.

Our supreme court has stated that "[a]n omission in an indictment [or presentment] 'is not a defect so long as the indictment performs its essential constitutional and statutory purposes.'" State v. Duncan, 505 S.W.3d 480, 490 (Tenn. 2016) (quoting Dykes, 978 S.W.2d at 529). Further, this court has held that "'assuming satisfaction of the constitutional and statutory requirements in Hill, an indictment's reference to the pertinent statute will cure the indictment's omission of an essential element of the offense.'" State v. Suzanne C. Douglas, No. M2000-01646-CCA-R3-CD, 2001 WL 256129, at *2 (Tenn. Crim. App. at Nashville, Mar. 15, 2001) (quoting State v. Kenneth D. Melton, No. M1999-01248-CCA-R3-CD, 2000 WL 1131872, at *4 (Tenn. Crim. App. at Nashville, Aug. 4, 2000)). We conclude that the presentment in the instant case was sufficient.

### III.  Conclusion

The judgments of the trial court are affirmed.

_____
NORMA MCGEE OGLE, JUDGE

---

[2] Since the commission of the instant offenses, the legislature has amended the statutory rape by an authority figure statute to make the offense a Class B felony.  Tenn. Code Ann. § 39-13-532(b).