IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 4, 2020

## CHARLES A. GUESS v. SHAWN PHILLIPS, WARDEN

**Appeal from the Circuit Court for Lake County**
**No. 19-CR-10627    R. Lee Moore, Jr., Judge**

_____

**No. W2019-01347-CCA-R3-HC**

_____

The Petitioner appeals the summary denial of his petition for writ of habeas corpus in which he challenged his convictions for especially aggravated robbery and facilitation of first degree murder. After a review of the record and applicable law, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Clifton Barnes, Talbott, Tennessee, for the appellant, Charles A. Guess.

Herbert H. Slatery III, Attorney General and Reporter; Samantha L. Simpson, Assistant Attorney General; and Danny Goodman, Jr., for the appellee, State of Tennessee.

## OPINION

### FACTS AND PROCEDURAL BACKGROUND

The petition for habeas corpus relief asserted that the Petitioner's conviction for especially aggravated robbery was void because the indictment failed to allege an element of the offense and that his conviction for facilitation of first degree murder was void because the order transferring him from juvenile court was not signed by the juvenile court judge. According to an exhibit attached to the Petitioner's petition for writ of habeas corpus, the Warren County Juvenile Court transferred the Petitioner's case to

the Circuit Court for Warren County on February 5, 2016. On April 22, 2016, the Warren County Grand Jury indicted the Petitioner and his five co-defendants for felony murder, especially aggravated robbery, especially aggravated burglary, and possession of a firearm during the commission of a dangerous felony. On February 27, 2017, the Petitioner and two of his co-defendants entered guilty pleas. Pursuant to the plea agreement, the Petitioner pleaded guilty to the lesser charge of facilitation of first degree murder and especially aggravated robbery. The State agreed to dismiss the remaining counts. The trial court entered an agreed-upon sentence of eighteen years in confinement with a one hundred percent release eligibility.

On June 20, 2019, the Petitioner filed a pro se petition for writ of habeas corpus in which he argued that the trial court lacked jurisdiction to enter a judgment on the especially aggravated robbery conviction because the indictment did not mention one of the essential elements of especially aggravated robbery, that the robbery was "[a]ccomplished with a deadly weapon." With respect to the charge, the indictment, which was attached to the petition, alleged that the Petitioner:

> On or about the 12th day of January 2016, in Warren County, Tennessee, and before finding of this indictment, intentionally or knowingly did take from the person of [the victim] certain property; to wit: a wallet and good and lawful currency of the United States of America, by violence or putting [the victim] in fear, and the said [victim] suffered serious bodily injury, constituting the offense of Especially Aggravated Robbery, a Class "A" Felony, in violation of Tennessee Code Annotated § 39-13-403,(a)(2), and against the peace and dignity of the State of Tennessee.

The Petitioner also argued that the trial court did not have jurisdiction to impose a conviction on facilitation of first degree murder because the order transferring the Petitioner from juvenile court to circuit court did not include the juvenile court judge's signature.

On July 5, 2019, the habeas corpus court entered a written order summarily denying the petition. The habeas corpus court found that although the indictment did not state that a deadly weapon was used, it did allege serious bodily injury. The order noted that the "transcript of the plea of guilty reflects that the victim was shot approximately seven times by a SKS 7.62 caliber standard soviet army rifle ammunition." The habeas court found "that although the issue [regarding the indictment] might create a voidable judgment, it does not create a void judgment." Regarding the Petitioner's argument that he was not properly transferred to circuit court, the habeas court also found that the facts alleged would at most render the judgment voidable. The habeas court determined that

- 2 -

the copy of the transfer order attached to the Petitioner's petition was not a certified or attested copy. The Petitioner now appeals the summary dismissal of his petition.

**ANALYSIS**

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See also* T.C.A. § 29-21-101. The granting or denial of a petition for a writ of habeas corpus is a question of law. *Edwards v. State*, 269 S.W.3d 915, 919 (Tenn. 2008). This court reviews the denial of a writ of habeas corpus de novo, with no presumption of correctness given to the habeas corpus court. *Cantrell v. Easterling*, 346 S.W.3d 445, 448 (Tenn. 2011). There are very narrow grounds upon which habeas relief may be granted. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). "The purpose of a habeas corpus petition is to contest void and not merely voidable judgments." *Archer v. State*, 851 S.W.2d 157, 163 (Tenn. 1993). A void judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007) (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). A voidable judgment is "one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Id.* The habeas corpus court may summarily dismiss the petition if the petition fails to state a cognizable claim. T.C.A. § 29-21-109. The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. *Summers* 212 S.W.3d at 261.

The Petitioner argues that the habeas corpus court erred in its finding that the judgment for especially aggravated robbery was voidable, rather than void. He asserts that the indictment did not sufficiently charge him with especially aggravated robbery because it failed to mention the essential element that the robbery was "[a]ccomplished with a deadly weapon." T.C.A. § 39-13-403(a)(1). Tennessee Code Annotated section 39-13-403(a) defines especially aggravate robbery as "robbery defined in § 39-13-201: (1) Accomplished with a deadly weapon; and (2) Where the victim suffers serious bodily injury." The State maintains that the indictment was valid because it provided the Petitioner with sufficient notice that he was indicted for especially aggravated robbery.

When an indictment is "so defective as to deprive the court of jurisdiction," habeas corpus relief is warranted. *Dykes*, 978 S.W.2d at 529. An indictment must inform the accused of "the nature and cause of the accusation." U.S. Const. amend. VI; Tenn. Const. art. I, § 9. Additionally, an indictment is statutorily required to "state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment." T.C.A. § 40-13-202. The Tennessee Supreme Court has determined that specific reference to the statute defining the offense is sufficient to

place a defendant on notice of the offense with which he is charged. *State v. Duncan*, 505 S.W.3d 480, 488 (Tenn. 2016) (citing *State v. Hammonds*, 30 S.W.3d 294, 300 (Tenn. 2000)); *State v. Sledge*, 15 S.W.3d 93,95 (Tenn. 2000) (stating that "specific reference to a statute within the indictment may be sufficient to place the accused on notice of the charged offense"); *see Ruff v State*, 978 S.W.2d 95, 97 (Tenn. 1998). Here, count two of the indictment included a citation to the statute defining especially aggravated robbery, and states that the offense alleged was "Especially Aggravated Robbery, a Class 'A' Felony." Accordingly, the indictment was valid and provided sufficient notice to the Petitioner that he was charged with especially aggravated robbery. *State v. Suzanne C. Douglas*, No. M2000-01646-CCA-R3-CD, 2001 WL 256129, at *2 (Tenn. Crim. App. Aug. 4, 2000) (quoting *State v. Kenneth D. Melton*, No. M1999-01248-CCA-R3-CD, 2000 WL 1131872, at *4 (Tenn. Crim. App. Aug. 4, 2000) (stating "'an indictment's reference to the pertinent statute will cure the indictment's omission of an essential element of the offense'" as long as the other constitutional and statutory requirements are satisfied).

The Petitioner also argues that the habeas court erred in its determination that the juvenile court transfer order was voidable, rather than void. He maintains that the trial court did not have jurisdiction to accept his guilty pleas and impose a sentence because the juvenile court judge did not sign the transfer order. The State asserts that the Petitioner has waived this issue because he failed to include a certified or attested copy of the transfer order in the record on appeal. Regardless of whether the transfer order is a certified or attested copy, we conclude that the Petitioner is not entitled to relief.

This court has previously concluded that "[t]he absence of a transfer hearing and a petition to transfer are not cognizable grounds for habeas corpus relief because they do not divest the criminal court of jurisdiction to hear the case." *Billy L. Grooms v. State*, No. E2014-01228-CCA-R3-HC, 2015 WL 1396474, at *3 (Tenn. Crim. App. Mar. 25, 2015) (citing *Eddie F. Depriest v. Kevin Meyers, Warden*, No. M2000-02312-CCA-R3-PC, 2001 WL 758739, at *2 (Tenn. Crim. App. July 6, 2001)). The Petitioner's assertion that the habeas corpus court did not have jurisdiction to impose a judgment is also meritless, because such allegations "would render the judgment merely voidable instead of void." *Id.* (citing *Eddie F. Depriest*, 2001 WL 758739, at *2; *see also Sawyers v. State*, 814 S.W.2d 725, 729 (Tenn. 1991) (holding that "the absence of a valid transfer order is a procedural deficiency not affecting the subject matter jurisdiction of the convicting court"). Accordingly, the Petitioner has not asserted a cognizable claim that would warrant habeas corpus relief.

**CONCLUSION**

Based on the foregoing reasons, we affirm the judgment of the habeas court.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE