IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 19, 2025

## MARCUS WILSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 22-03422          Chris Craft, Judge**
_____

## No. W2025-00243-CCA-R3-PC
_____

The pro se Petitioner, Marcus Wilson, appeals from the habeas corpus court's summary dismissal of his petition for writ of habeas corpus. We affirm the summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN W. CAMPBELL, SR., J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and MATTHEW J. WILSON, JJ., joined.

Marcus Wilson, Memphis, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; and Ryan W. Davis, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

On August 18, 2020, the Shelby County Grand Jury indicted the Petitioner for convicted felon in possession of a firearm. The indictment charged that the Petitioner

[O]n November 26, 2021 in Shelby County, Tennessee, and before the finding of this indictment, did unlawfully and knowingly possess a firearm, having been convicted of Aggravated Burglary, a felony crime of violence, on October 24, 2014, in Division 5 of Criminal Court of Shelby County, Tennessee, under docket number 14-01593, in violation of T.C.A. 39-17-1307, against the peace and dignity of the State of Tennessee.

The Petitioner subsequently pled guilty to the indicted offense in exchange for an eight-year sentence at 85% in the Tennessee Department of Correction, suspended to supervised probation. On October 8, 2024, the trial court, following a probation revocation hearing, revoked the Petitioner's probation and ordered that the Petitioner serve the remainder of his sentence in the Shelby County Correction Center.

On January 7, 2025, the Petitioner filed the pro se "Petition for Post Conviction Writ of Habeas Corpus" at issue in this case.[1] The Petitioner alleged that his confinement was illegal and the trial court was without jurisdiction to sentence him for a felony because the indictment failed to properly charge a violation of Tennessee Code Annotated section 39-11-106, the statute for convicted felon in possession of a firearm. The Petitioner alleged that the indictment instead charged him with unlawful carrying or possession of a weapon, Tennessee Code Annotated section 39-17-1307, a Class C misdemeanor because it was his first violation of the statute.

On January 21, 2025, the habeas corpus court summarily dismissed the petition for failing to state a colorable claim. The habeas corpus court noted that Tennessee Code Annotated section 39-11-106 is the definition section for Title 39 and does not charge a crime, while Tennessee Code Annotated section 39-17-1307, under subsection (b), makes it a Class B felony for anyone to unlawfully possess a firearm who has been convicted of a felony crime of violence. The habeas corpus court found that the Petitioner's indictment clearly charged the Petitioner with possessing a firearm after having been convicted of aggravated burglary, a felony crime of violence, and concluded that neither the Petitioner's Class B felony conviction nor minimum eight-year sentence was illegal.

## ANALYSIS

On appeal, the Petitioner argues that his indictment "is 'fundamentally defective' because it is vague, lacks certain elements to charge a crime, [and] fails to specify the applicable paragraph and subsection of Tennessee Code Annotated § 39-17-1307, a broad statute encompassing multiple offenses with varying degrees of punishment[.]"

It is well established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007); *State v. Ritchie*, 20 S.W.3d 624, 629 (Tenn. 2000); *State v. Davenport*, 980

---

[1] We agree with the State that, despite a few generalized allegations that his trial counsel was ineffective for not noticing alleged defects in his indictment, the Petitioner confines his arguments in both the petition and on appeal to the validity of his judgment and sentence, requesting only habeas corpus relief. Thus, we conclude that the habeas corpus court properly treated the pleading as a petition for writ of habeas corpus.

S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007) (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Whether the petitioner is entitled to habeas corpus relief is a question of law, which we review de novo. *Id.* at 255; *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000).

A trial court may properly dismiss a petition for writ of habeas corpus without appointing counsel or holding a hearing if there is nothing on the face of the judgment to indicate that the conviction is void or the sentence illegal. *See Summers*, 212 S.W.3d at 260.

We initially observe that the Petitioner has failed to meet the statutory procedural requirements for a petition for writ of habeas corpus. The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Hickman v. State*, 153 S.W.3d 16, 19-20 (Tenn. 2004); *Archer v. State*, 851 S.W.2d 157, 165 (Tenn. 1993). "A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements[.]" *Hickman*, 153 S.W.3d at 21. The petition here does not state that "the legality of the restraint has not already been adjudged upon a prior proceeding of the same character," or "[t]hat it is first application for the writ," as required under Tennessee Code Annotated sections 29-21-107 (b)(3) and (4). For that reason alone, the habeas corpus court could have summarily dismissed the petition.

However, not only has the Petitioner failed to follow the statutory procedural requirements for filing a petition for writ of habeas corpus, he has also failed to establish that he is entitled to relief. Although habeas corpus relief is available where an indictment is "so defective as to deprive the court of jurisdiction[,]" *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998), an indictment is sufficient if it states "the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in a manner so as to enable a person of common understanding to know what is intended and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment." Tenn. Code Ann. § 40-13-202. Generally, an indictment is valid "if it provides sufficient information '(1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy.'" *State v. Duncan*, 505 S.W.3d 480, 484-85 (Tenn. 2016) (quoting *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997)). "So long as an indictment performs its essential constitutional and statutory purposes, a defect or omission in the language of the indictment will not render the judgment void." *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000) (citing *Dykes*, 978 S.W.2d at 529).

The indictment was sufficient to put the Petitioner on notice of the charge he faced, for the trial court to enter a valid judgment, and to protect the Petitioner against double jeopardy. The indictment referenced the correct statute, provided the date and location of the offense, and stated that the Petitioner was being charged with unlawfully and knowingly possessing a firearm, "having been convicted of Aggravated Burglary, a felony crime of violence[.]" The indictment also stated the docket number, date, and court in which the Petitioner had been convicted of the felony crime of violence. It was not necessary for the indictment to specify the exact subsection of Tennessee Code Annotated section 39-17-1307 for the Petitioner to be on notice of the charge he faced. We, therefore, conclude that the habeas corpus court's summary dismissal of the petition was proper.

## CONCLUSION

Based on our review, we affirm the judgment of the habeas corpus court summarily dismissing the petition.

s/ John W. Campbell
JOHN W. CAMPBELL, SR., JUDGE

- 4 -