FILED
11/21/2024
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 22, 2024

**CEDRIC JONES v. BRIAN ELLER, WARDEN**

**Appeal from the Criminal Court for Johnson County
No. CC-23-CR-122     Stacy L. Street, Judge**

———————————

**No. E2024-00212-CCA-R3-HC**

———————————

The Petitioner, Cedric Jones, appeals the Criminal Court for Johnson County's summary dismissal of his petition for writ of habeas corpus relief.  On appeal, he argues that the sentence and fines imposed against him were excessive, the trial judge and jurors should have been disqualified, his prosecution was a violation of double jeopardy, the indictment against him was defective, and the judgments were facially void.  The State contends that the grounds raised are not cognizable under habeas corpus and that the indictment vested the trial court with jurisdiction to render its judgment.  Based on our review, we affirm the habeas corpus court's dismissal of the petition.

 **Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

KYLE A. HIXSON, J., delivered the opinion of the court, in which JILL BARTEE AYERS and TOM GREENHOLTZ, JJ., joined.

Cedric Jones, Mountain City, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Edwin Alan Groves, Jr., Assistant Attorney General; and Steven R. Finney, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.     FACTUAL AND PROCEDURAL HISTORY**

    In March 2010, the Petitioner drove his fourteen-year-old daughter[1] to a storage unit, coerced her into drinking alcohol, and raped her.  *State v. Jones*, No. M2015-00720-

---

[1] It is the policy of this court to protect the identities of minors, as well as victims of sexual abuse.

CCA-R3-CD, 2016 WL 3621513, at *1-3 (Tenn. Crim. App. June 29, 2016) ("*Jones I*"), *perm. app. denied* (Tenn. Sept. 22, 2016). In addition, the Petitioner prevented the victim from leaving the storage unit by showing her a gun and threatening to commit suicide. *Id.*

Based upon these acts, a Davidson County grand jury indicted the Petitioner in June 2010 for four counts of aggravated rape (counts 1 through 4) and one count of aggravated kidnapping (count 5). *See id.* at *1; Tenn. Code Ann. §§ 39-13-304, -502. Specifically, count 5 of the indictment charged the following:

> [The Petitioner] between the 1st day of March, 2010 and the 2nd day of March, 2010, in Davidson County, Tennessee and before the finding of this indictment, did unlawfully and knowingly remove or confine [the victim] while [the Petitioner] was armed with a deadly weapon, to wit: a handgun, in violation of Tennessee Code Annotated § 39-13-301, and against the peace and dignity of the State of Tennessee.

The Petitioner was tried in 2013, and the State elected to charge the Petitioner's acts of digital penetration of the victim's vagina in count 1, the Defendant's performing cunnilingus on the victim in count 2, penile penetration of the victim's vagina in count 3, and penile penetration of the victim's mouth in count 4. *Jones I*, 2016 WL 3621513, at *4. The jury found the Petitioner guilty of aggravated sexual battery as a lesser included offense for count 1 and convicted him as charged on the remaining counts. *Id.* The jury also assessed fines totaling $200,000. *Id.* The Petitioner was sentenced to twenty-five years' imprisonment for each count of aggravated rape, twelve years for aggravated sexual battery, and twelve years for aggravated kidnapping. *Id.* The sentences imposed for the aggravated rape and aggravated sexual battery convictions were ordered to run concurrently with one another, and the sentence for the aggravated kidnapping conviction was ordered to run consecutively to the other counts, for a total effective sentence of thirty-seven years' imprisonment at 100% in the Tennessee Department of Correction. *Id.*

After trial, the Petitioner filed in the trial court a pro se "Petition for a Writ of Habeas Corpus [and] Motion for New Trial and[/]or Judgement [sic] of Acquittal" with subsequent addendums.[2] *Id.* n.3. The trial court bifurcated the habeas corpus claims from the issues relating to the motion for a new trial. *Id.* Addressing the Petitioner's habeas corpus claims, the trial court denied the petition on July 28, 2014, ruling that the Petitioner's claim that he

---

[2] According to the trial court's order dismissing this petition for writ of habeas corpus, the Petitioner filed the petition on February 21, 2014, and an amended petition four days later. He refiled the petition on April 21, 2014, and a supplemental petition on May 19, 2014.

should be released from custody pending a new trial was not a cognizable claim for habeas corpus relief. Thereafter, the trial court denied the Petitioner's motion for a new trial. *Id.*

In his direct appeal to this court, the Petitioner challenged (1) the sufficiency of the evidence supporting his convictions for aggravated rape and aggravated kidnapping, (2) the trial court's revocation of his bond, (3) the trial court's denial of the Petitioner's motions for recusal, (4) the trial court's refusal to allow the Petitioner to represent himself at trial, (5) the State's comments during closing argument, and (6) the trial court's sentencing decision. *Id.* at *1. Following our review, this court affirmed the judgments of the trial court. *Id.* at *12. Our supreme court denied permission to appeal on September 22, 2016.

On October 3, 2016, the Petitioner filed a pro se petition for a writ of habeas corpus in the United States District Court for the Middle District of Tennessee. *Jones v. Perry*, No. 16-cv-02631, 2023 WL 1073151, at *1 (M.D. Tenn. Jan. 27, 2023) (memorandum opinion) ("*Jones II*"). The district court initially held the petition in abeyance pending the Petitioner's exhaustion of his state court remedies. *Id.* The district court noted that the Petitioner had filed a timely pro se petition for state post-conviction relief on September 23, 2017, which the post-conviction court ultimately denied. *Id.* at *2. The district court found that the Petitioner did not appeal that denial. *Id.* n.2. In 2019, after the conclusion of the state post-conviction proceedings, the district court granted the Petitioner's motion to reopen his case. *Id.* at *2. Thereafter, the district court denied the Petitioner's petition with prejudice in 2023. *Id.* at *1, *23.

On November 13, 2023, the Petitioner filed the instant habeas corpus petition in the Johnson County Criminal Court ("habeas corpus court"). In the petition, he asserted six grounds for relief: (1) that count 5 of the indictment is invalid because its language is duplicitous and the indictment cited the incorrect Tennessee Code Annotated section; (2) that counts 1 through 4 were multiplicitous and violated double jeopardy; (3) that there was a fatal variance between the indictment and the proof; (4) that the trial court constructively amended the indictment; (5) that the trial court judge and jurors should have been disqualified; and (6) that the fine and imprisonment were excessive.[3] The Petitioner also filed a supplement to expand on his "ground five claims." Additionally, he attached a copy of his previous petition for writ of habeas corpus that was filed in conjunction with his

---

[3] We summarize these six grounds from the petition's "Grounds Listed" page at the beginning of the petition.

motion for new trial proceedings, specifically, a copy of his amended petition filed on February 24, 2014.[4]

The State moved for summary dismissal of the petition, contending that the indictment vested the trial court with jurisdiction and the remaining grounds for relief were not cognizable habeas corpus claims. With respect to the Petitioner's grounds relating to the defective indictment, the State argued that a reference in an indictment to the wrong statute number is not a fatal defect if the language is otherwise sufficient. Subsequently, the Petitioner filed a response and supplemental response to the motion to dismiss the petition, in which he elaborated on some of the claims in his petition. He also filed a "motion to dismiss the indictment and[/]or void [his] conviction" with supplements.

The habeas corpus court dismissed the petition by order filed on January 5, 2024. In dismissing the petition, the habeas corpus court was "of the opinion that the [State's] motion [to dismiss the petition] is well taken and should be granted for the reasons set forth therein." The Petitioner filed a timely notice of appeal.

## II. ANALYSIS

At the outset, we note that the Petitioner raises numerous arguments for relief throughout his forty-nine-page principal brief and various supplemental filings.[5] Our supreme court has been clear that "an appellate court's authority 'generally will extend only to those issues presented for review.'" *State v. Bristol*, 654 S.W.3d 917, 923 (Tenn. 2022) (quoting Tenn. R. App. P. 13(b)); *see also* Tenn. R. App. P. 27(a)(4). Accordingly, we limit our analysis to the five issues in the Petitioner's brief section titled "Statement of

---

[4] *See* Tenn. Code Ann. § 29-21-107(b)(4) (requiring a copy of any previous petition to be produced).

[5] We feel constrained to speak to several filings the Petitioner has made in this court in addition to his principal and reply briefs. First, he has filed a "Motion To Dismiss [the Petitioner's] Indictment; To Void [his] Illegal Conviction; Grant [him] Habeas Corpus Relief; and Discharge [him] from custody." That filing was stamped received by the clerk of the appellate courts on July 25, 2024; however, the Petitioner dated the filing July 21, 2024, which was two days before the filing of the State's brief on July 23, 2024. The Petitioner also filed a "Notice of Filing," received on September 17, 2024, and a "Motion For Habeas Corpus Relief and to Be Discharged from custody Immediately," received on September 25, 2024. These last two filings, inasmuch as they may be considered "reply briefs," are filed beyond the deadline for reply briefs and will not be considered. *See* Tenn. R. App. P. 29(a) (requiring reply briefs to be filed and served within 14 days after the filing of the preceding brief). Furthermore, the July 21 and September 25 filings were both titled as a "motion." Therefore, we treat both filings as original motions in this court. As a result, we may not entertain either because "[t]he jurisdiction of the court of criminal appeals shall be appellate only, and shall extend to review of the final judgments of trial courts." Tenn. Code Ann. § 16-5-108.

Issues Presented for Review" insofar as they relate to his original petition in the habeas corpus court.

In that respect, the Petitioner argues on appeal that the habeas corpus court erred by summarily dismissing his petition. His statement of issues reads as follows:

1.      Whether a claim of excessive fines and the maximum prison term for crimes convicted of "combined" (i.e. two hundred and fifty thousand dollars in state fines, plus 37% @ 100%) as in this particular case by a bias trial judge, and jurors, is cognizable under a Habeas Corpus Statute (T.C.A. § 29-21-101) or should be?

2.      Whether disqualification of a juror or [jurors] at one's criminal trial is cognizable under a state Habeas Corpus Statute (T.C.A. § 29-21-101), or should be?

3.      Whether a violation of the principle of double-jeopardy that renders a conviction void under a federal or state law is cognizable under a state Habeas Corpus Statute, or should be?

4.      Whether the Appellant's Indictment for case # 2010-B-1532, was defective, Invalid, and insufficient enough to Render his trial judge without authority and jurisdiction to enter the particular ORDER and judgment against him, as shown in his judgment sheets?

5.      And whether any of the alleged Facts shown in the Appellant's Habeas Corpus petition, and supplemental pleadings et. seq., showed that the judgment made Against him (the judgment sheets), Are Facially void?

The State, in response, argues that (1) the indictment vested the trial court with jurisdiction and (2) the Petitioner's remaining grounds are not cognizable for habeas corpus relief. We agree with the State.

The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. *See* Tenn. Const. art. I, § 15. While the right to seek a writ of habeas corpus is a constitutional right, it is regulated by statute in Tennessee. *See Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). The statute provides, with certain limited exceptions, that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, . . . may prosecute a writ of habeas corpus, to inquire into the cause of such

- 5 -

imprisonment and restraint." Tenn. Code Ann. § 29-21-101(a). However, the "grounds upon which habeas corpus relief will be granted are very narrow." *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only where the petitioner has established: (1) a lack of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment was rendered; or (2) that the petitioner's sentence has expired, and he is entitled to immediate release. *See State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (citing *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993)). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968).

"A void judgment is one that is facially invalid because the court did not have the statutory authority to render such judgment." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007). A sentence imposed in direct contravention of a statute is illegal and thus, void. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. *See Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). A habeas corpus court may summarily dismiss a petition without a hearing when the petition "fails to demonstrate that the judgment is void." *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004); *see* Tenn. Code Ann. § 29-21-109. The determination of whether to grant habeas corpus relief is a question of law, and our review is de novo. *Summers*, 212 S.W.3d at 255.

A.      Excessive Imprisonment and Fines

The Petitioner's first issue on appeal reads in relevant part: "Whether a claim of excessive fines and the Maximum prison term for crimes . . . as in this particular case by a bias[ed] trial Judge, and Jurors, is cognizable under [] Habeas Corpus[.]" The State argues that such claims are not cognizable under habeas corpus.

Relief under the writ of habeas corpus is available to anyone who is illegally "imprisoned or restrained of liberty." Tenn. Code Ann. § 29-21-101(a). However, "[t]he assessment of a fine upon a defendant does not constitute imprisonment or restraint within the meaning of those terms." *Burrell v. Carlton*, No. E2004-01700-CCA-R3-HC, 2005 WL 544732, at *2 (Tenn. Crim. App. Mar. 8, 2005). Additionally, "the issue of a fine has no application to the question of whether the trial court was without jurisdiction to sentence the defendant or that the defendant's sentence has expired." *Id.* (citing *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000)). The Petitioner states that his "chief reason" for this issue is that his state and federal constitutional rights have been violated, yet he does not provide any specific argument as to how these rights were violated. Nevertheless, the issue of

excessive fines here is not cognizable under habeas corpus relief. *Burrell*, 2005 WL 544732, at *2.

Inasmuch as the Petitioner argues that his term of imprisonment was excessive generally, this court is unable to ascertain the Petitioner's specific arguments in this regard. Because habeas corpus relief is only available when "a convicting court is without jurisdiction or authority to sentence a defendant or when that defendant's term of imprisonment or restraint has expired," *Taylor v. Morgan*, 909 S.W.2d 17, 19 (Tenn. Crim. App. 1995) (citing *Archer*, 851 S.W.2d at 164), the Petitioner must demonstrate that the trial court was without such jurisdiction or authority here to render its judgment—which he has not done. Generalized claims of excessive sentences are not cognizable grounds for habeas corpus relief. *See McClenton v. State*, No. W2021-01054-CCA-R3-HC, 2022 WL 3153982, at *4 (Tenn. Crim. App. Aug. 8, 2022) (citing *Cantrell v. Easterling*, 346 S.W.3d 445, 451 (Tenn. 2011) ("[T]he Sentencing Act makes clear that errors of this nature are to be addressed on direct appeal and *not* in a post-conviction or habeas corpus proceeding.")). The Petitioner is not entitled to relief on this issue.

### B.  Disqualification of Judge and Jurors

The Petitioner's second issue is "whether disqualification of a Juror [] at one's criminal trial is cognizable under [] Habeas Corpus[.]" The Petitioner's filings also reference the disqualification of the trial judge. The State asserts that these claims are not cognizable under habeas corpus.

The Petitioner provides numerous references to the trial judge's and jurors' biases throughout his original petition, principal brief, and supplemental filings.[6] As far as this court can surmise from the Petitioner's arguments, he claims that the trial judge should have recused herself due to her reaction when the Petitioner stated at trial that he wanted the jury to set his fines. The trial judge's apparent "excitement" over this development, according to the Petitioner, evinced that the trial judge had a financial stake in the outcome of the trial and warranted her recusal. The Petitioner also argued that certain prospective jurors should have been disqualified for lying during voir dire.

Our supreme court observed that many reasons may warrant a trial judge's disqualification from hearing a case, "and most of these grounds for disqualification are not of the fundamental type . . . sufficient to deprive the court of jurisdiction and, hence,

---

[6] While the Petitioner attaches sporadic and discontinuous pages from various transcripts as "exhibits" to his brief and supplemental filings, the record on appeal does not contain complete transcripts of any proceedings.

must be raised on appeal and may not be the subject of a habeas corpus proceeding." *State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 288 (Tenn. 1979), *overruled in part on other grounds by Archer*, 851 S.W.2d at 163. However, certain grounds for disqualification amounting to a denial of due process may be the subject of habeas corpus proceedings. *Id.* at 289. In *Anglin*, the court concluded that a petitioner's allegation that a juvenile court judge was not a lawyer, thereby depriving the petitioner of due process of law, was an issue "of a fundamental nature which may properly be raised by the remedy of habeas corpus." *Id.*

The Petitioner alleges generally that the trial court "got excited" when "[it] learned that [the Petitioner] wanted the jurors to set the fine instead of [the trial court] by saying: 'All right, okay. Then we will add that in because the offenses have fines up to [$]50,000 I think on A felonies.'" The comment relied upon by the Petitioner does not demonstrate that the trial judge was "excited" over the prospect of the jury's setting of a fine in this case. And it certainly does not indicate that the trial judge had a pecuniary interest in any fine set by the jury. The comment by the trial judge on this point raises no issue at all, much less a fundamental issue of due process. Accordingly, this complaint falls into the category of recusal issues that are not cognizable in habeas corpus.

Regarding the Petitioner's claim concerning the disqualification of jurors, this court has affirmed the dismissal of a petition for writ of habeas corpus where the petitioner alleged, *inter alia*, that he was deprived of an impartial jury. *See generally Luttrell v. State*, 644 S.W.2d 408 (Tenn. Crim. App. 1982) (providing that post-conviction relief was the proper avenue for the petitioner's complaints). The Petitioner is not entitled to relief on these issues.

### C.    Double Jeopardy

The Petitioner's third issue is "whether a violation of the principle of double[]Jeopardy that renders a conviction void under a Federal or State law is cognizable under [] Habeas Corpus." The Petitioner argued in his original petition, *inter alia*, that his convictions for aggravated sexual battery and aggravated rape violate double jeopardy because they are multiplicitous. Specifically, he stated, "[h]ere, the [a]ffidavit of complaint implies three acts of rape (a continuing conduct) (vaginal/penile sexual intercourse, fellatio, cunnilingus), and not four as charged[.]" The State asserts that this claim is not cognizable under habeas corpus.

"[A] violation of principles of double jeopardy does not render a conviction void and, accordingly, occasions no cause for habeas corpus relief." *Davis v. Jones*, No.

M2014-00386-CCA-R3-HC, 2014 WL 3749443, at *2 (Tenn. Crim. App. July 30, 2014); *see also Carlton v. State*, No. W2012-02449-CCA-R3-HC, 2013 WL 3701911, at *3 (Tenn. Crim. App. July 11, 2013) ("Even if this [double jeopardy] claim had some viability, however, it is not cognizable in a habeas corpus proceeding; a conviction that runs afoul of double jeopardy principles is not void and is not subject to habeas corpus relief."). Because the Petitioner's double jeopardy claims are not cognizable grounds for habeas corpus relief, the Petitioner is not entitled to relief on this issue.

## D.     Defective Indictment

The Petitioner's fourth issue is "whether the [Petitioner's] Indictment [] was defective, Invalid, and insufficient enough to Render his trial Judge without authority and Jurisdiction to enter the particular [order] and Judgment against him[.]" In support of his claim, the Petitioner asserts that the indictment's language was duplicitous, that there was a fatal variance in proof, and that the indictment cited the wrong statute. The State argues that the indictment at issue vested the trial court with jurisdiction notwithstanding a typographically erroneous statutory citation for aggravated kidnapping.

In Tennessee, an indictment is sufficient if it states "the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in a manner so as to enable a person of common understanding to know what is intended and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment." Tenn. Code Ann. § 40-13-202. Generally, an indictment is valid "if it provides sufficient information '(1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy.'" *State v. Duncan*, 505 S.W.3d 480, 484-85 (Tenn. 2016) (quoting *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997)). "So long as an indictment performs its essential constitutional and statutory purposes, a defect or omission in the language of the indictment will not render the judgment void." *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000) (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)).

First, the Petitioner argues that the indictment's language was duplicitous, averring that the affidavit of complaint against him "implies only three acts of rape, and not four, as charged in [his] indictment[]." The Petitioner correctly notes that habeas corpus relief is available where an indictment was "so defective as to deprive the court of jurisdiction." *Dykes*, 978 S.W.2d at 529. However, the Petitioner's reasons for attacking the alleged duplicitous language within the indictment are the same as the reasons underlying his double jeopardy claim above. We reiterate, double jeopardy is not a cognizable claim

under habeas corpus. This argument as a challenge to the indictment remains without merit.

Next, the Petitioner argues in his original petition, and reasserts in his appellate brief, that there was a fatal variance between the proof at trial and the indictment. He also asserts that his indictment was constructively amended. However, neither of these grounds are cognizable under habeas corpus relief. *See Phillips v. Frink*, No. M2022-01268-CCA-R3-HC, 2023 WL 4145932, at \*4 (Tenn. Crim. App. June 23, 2023) (citing *Lewis v. State*, No. M2007-01616-CCA-R3-HC, 2007 WL 4116489, at \*3 (Tenn. Crim. App. Nov. 14, 2007)) (concluding that a fatal variance is not a cognizable ground for habeas corpus relief and that "an allegation that the proof at trial constructively amended the indictment is not a proper basis for habeas relief"), *perm. app. denied* (Tenn. Nov. 20, 2023).

Finally, the Petitioner asserts that the indictment was defective because the Tennessee Code Annotated citation for count 5 of the indictment was section 39-13-301, which is a definition section. However, a panel of this court recently provided that "a reference in an indictment to the wrong statute number is not a fatal defect if the language is otherwise sufficient." *Garner v. Perry*, No. M2022-01733-CCA-R3-HC, 2023 WL 4693619, at \*2 (Tenn. Crim. App. July 24, 2023) (citations omitted), *perm. app. denied* (Tenn. Dec. 20, 2023). Incidentally, the Petitioner argues that, at the time the indictment was issued against him, *State v. Carter*, 988 S.W.2d 145 (Tenn. 1999), was the controlling law. Citing to page 149 of that case, he contends that an indictment must "cite the pertinent statute." However, the full sentence containing that language reads, "Thus, where the constitutional and statutory requirements outlined in *Hill* are met, an indictment that cites the pertinent statute and uses its language will be sufficient to support a conviction." *Id.* at 149 (quoting *Ruff v. State*, 978 S.W.2d 95, 100 (Tenn. 1998)). Even so, this court noted in 2008—before the Petitioner's 2010 indictment—that a number of cases "have concluded that a reference in an indictment to the wrong statute number is not a fatal defect if the language is otherwise sufficient." *Nicely v. State*, No. M2006-01892-CCA-R3-PC, 2008 WL 544600, at \*14 (Tenn. Crim. App. Feb. 22, 2008). Here, count 5 of the indictment contained all of the essential elements of aggravated kidnapping as outlined in section 39-13-304: "[The Petitioner did] unlawfully and knowingly remove or confine [the victim] while [the Petitioner] was armed with a deadly weapon, to wit: a handgun[.]" The indictment also alleged that the crime occurred in Davidson County, Tennessee. *See Perry*, 2023 WL 4693619, at \*2 (noting the text of the indictment contained all the essential elements for the crime charged and the county of the crime's occurrence). The text of the indictment was sufficient for the Petitioner to know the charges against him and for the trial court to enter judgment. Therefore, the Petitioner is not entitled to relief on this issue.

E. Facially Void Judgment

The Petitioner's fifth issue is "whether any of the alleged Facts shown in the Appellant's Habeas Corpus petition, and supplemental pleadings [] showed that the Judgment Made Against him (the Judgment sheets), Are Facially Void[.]" The Petitioner makes numerous allegations and arguments on this issue in his principal brief on appeal, some of which are repeated arguments relating to the four issues already discussed. The Petitioner additionally asserts under this issue, however, that the affidavit of complaint and arrest warrant were not signed by the arresting officer and that he had custody of his daughter at the time of the offenses. The State responds that this claim is not cognizable under habeas corpus.

"We know that, generally, a defect in probable cause proceedings such as the procurement of an arrest warrant has 'no consequence in the law unless the defendant is prejudiced by it.'" *State v. Hensley*, No. E2005-01444-CCA-R3-CD, 2006 WL 2252736, at *8 (Tenn. Crim. App. Aug. 7, 2006) (quoting *State v. Campbell*, 641 S.W.2d 890, 893 (Tenn. 1982)). Additionally, "[t]here is no prejudice when the state secures an indictment or presentment, [with the result that] any defects emanating from the original arrest warrant are cured." *Id.* (alteration in original) (citation omitted). The affidavit and arrest warrant attached to the petition contain signature lines with the affiant's and judge's names and other information. Above one signature line appears "Esignature." Based on the format of the documents, we cannot say that the affidavit and warrant, in their original form, have prejudiced the Petitioner or have any defects to be cured in the first instance.

The Petitioner also asserts that he was wrongly labeled a "multiple rapist" on the judgment sheets for all five counts and that he was sentenced under an "illegal statutory scheme." However, "habeas corpus relief is not available to correct errors or irregularities in offender classification." *Edwards v. State*, 269 S.W.3d 915, 924 (Tenn. 2008). Instead, "relief for such non-jurisdictional errors must be obtained, if at all, in a timely filed appeal as of right or in a timely filed petition seeking post-conviction relief." *Id.* We also note that the Petitioner's assertion that he had custody of his daughter at the time of the offenses bears no relation to any allegedly facially void judgments. The Petitioner is not entitled to relief on this issue.

### III. CONCLUSION

Based on our review, we affirm the judgment of the habeas corpus court summarily dismissing the petition.

_____
KYLE A. HIXSON, JUDGE